UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-1

TIMOTHY TAYLOR, as Administrator of the
Estate of Christina Vertz

and

PADUCAH BANK & TRUST by and through
MELANIE McNEILL, as Conservator and Next Friend of
M.B., a minor
L.R., a minor
E.B., a minor
A.V., a minor                                                          PLAINTIFFS

v.

DANIEL KING
RSUI INDEMNITY COMPANY                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiffs' motion to remand (DN 8).  Defendant

RSUI Indemnity Company has responded (DN 9), Plaintiffs have replied (DN 10), and

Defendant RSUI Indemnity Company has filed a surreply (DN 13).  This matter is fully briefed

and is now ripe for adjudication.  For the following reasons, Plaintiffs' motion is GRANTED.

This case will be remanded to Christian County Circuit Court.

## BACKGROUND

On February 3, 2007, Christina Vertz was killed when the vehicle she was in collided

with another vehicle operated by Defendant Daniel King.  A passenger in Ms. Vertz's vehicle,

Tammy Lamar, was also injured.  King, who was drinking alcohol at a bar at the Skyline Hotel

in Hopkinsville, Kentucky prior to the accident, was intoxicated.  King is currently serving a 20-

year sentence at the Little Sandy Correctional Complex in Sandy Hook, Kentucky.

1

The Estate of Christina Vertz and her minor children ("Plaintiffs") filed an action in Christian Circuit Court on June 20, 2007.  In this original complaint, Plaintiffs asserted wrongful death and loss of consortium claims against King and Skyline Motel II Corporation ("Skyline Motel").  Skyline Motel was insured for damages resulting from liquor liability through a policy of insurance with Harleyville Mutual Insurance Company ("Harleyville").  Skyline Motel had an excess insurance policy with Defendant RSUI Indemnity Company ("RSUI").

In April 2008, the limits of the Harleyville insurance policy were exhausted by payment of a settlement to Ms. Lamar.  On April 21, 2008, RSUI offered a settlement of $900,000 to Plaintiffs.  Eventually, on April 12, 2011, RSUI agreed to pay $5,000,000 to settle Plaintiffs' claims.  Plaintiffs' claims against Skyline Motel were thereafter dismissed on August 15, 2011.  Plaintiffs' claims against King were not dismissed.

On November 29, 2011, Plaintiffs filed an amended complaint against RSUI, alleging violations of the Unfair Claims Settlement Practices Act ("UCSPA"), KRS 304.12-230 (the Amended Complaint).  In the Amended Complaint, Plaintiffs neither re-asserted their wrongful death and loss of consortium claims against King nor incorporated the original complaint by reference.  On January 4, 2012, RSUI noticed the removal of this action to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction.  Plaintiffs thereafter filed a motion to remand the action back to Christian Circuit Court.

## STANDARD FOR MOTION TO REMAND

A federal district court has original diversity jurisdiction when a suit is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Generally, any civil action brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a).  But because removal

statutes implicate federalism concerns, they must be narrowly construed.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements."  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

Section 1446(b) establishes two temporal bars for removal from state courts where the initial pleadings do not allow for removal.  A defendant has thirty days to file for removal after the receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b) (1994).  The defendant's right to remove under § 1332 may also be revoked where more than a year has elapsed since the "commencement of the action."  *Id*.  However, the one-year time limit does not apply where the district finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1446(c).

## ANALYSIS

It is undisputed that, at the time the original complaint was filed on June 20, 2007, this action was not removable because all parties – Plaintiffs, King, and Skyline Motel – were citizens of Kentucky and therefore non-diverse.  The parties disagree, however, as to whether complete diversity existed when Plaintiffs filed the Amended Complaint against RSUI and whether the notice of removal was untimely.  Plaintiffs contend that their wrongful death and loss of consortium claims against King are still pending and that complete diversity among the parties is therefore lacking.  Plaintiffs further contend that RSUI failed to obtain King's consent for removal and removed the case more than a year after the action commenced.  In response, RSUI contends that the one-year rule does not bar removal here because (1) the action was

commenced upon the filing of the Amended Complaint and (2) the bad faith exception of §
1446(c) applies.  RSUI further contends that King was fraudulently joined to the action.

**1.  "Commencement" of the action for purposes of Removal**

Pursuant to 28 U.S.C. § 1446(c), a case may not be removed more than one year after the
commencement of the action, unless the plaintiff has acted in bad faith.[1]  The parties disagree as
to the commencement date.  Plaintiffs argue that this action commenced on June 20, 2007, when
they filed the original complaint in Christian Circuit Court.  RSUI argues that the Amended
Complaint, adding it as a defendant and asserting a new cause of action, constituted the
commencement of a new action and therefore the proper date by which to measure removability
is November 29, 2011.

"State law determines when an action is commenced for removal purposes."  *Easley v.
Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993); *accord Lexington Market, Inc. v.
Desman Associates*, 598 F. Supp. 2d 707, 710 (D. Md. 2009).  Under Kentucky law "[a]n action
shall be deemed to commence on the date of the *first* summons or process issued in good faith."
KRS § 413.250 (emphasis added).  The statute does not contemplate a new date of
commencement when subsequent service of process is issued for later defendants.  *See Norman
v. Sundance Spas, Inc.*, 844 F. Supp. 355, 358 (W.D. Ky. 1994) (construing § 413.250 as
creating a single date of commencement).  Nor does the statutory language of § 1446(b)

---

[1] Section 1446 recently underwent substantial revisions.  *See* 28 U.S.C. § 1446(b) (2012). *See
also* Federal Courts Jurisdiction & Venue Clarification Act, Pub. L. No. 112-63 (2011).  The
effective date for these revisions was January 6, 2012.  Pub. L. No. 112-63 § 103.  Because
Plaintiffs' motion to remand was not filed until after the effective date of these revisions, the
Court will apply the rule as amended.  *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 n.2 (6th
Cir. 2002) (stating that "generally a new procedural rule applies to the uncompleted portions of
suits pending when the rule became effective").

expressly allow a court to reset the commencement date when new parties or claims are added. *See* 28 U.S.C. § 1446(b) (1994).

Recently, this Court, in *Riley v. Ohio Casualty Insurance Company*, 5:11-cv-156, 2012 WL 692132 (W.D. Ky. Mar. 2, 2012), held that the commencement date of an action does not reset when a later-added defendant is brought into a lawsuit pending in state court. In that case, the plaintiff originally asserted state-law negligence claims against the tortfeasors. Two years later, after the parties settled the matter, the plaintiff moved to amend her complaint in state court to add a tortfeasor's insurer as a defendant and to assert new violations of UCSPA and the state's common law of bad faith. The plaintiff simultaneously agreed to dismiss the negligence claims against the tortfeasors pursuant to the settlement agreement. Ultimately, this Court found that the amended complaint did not constitute the commencement of a new action and that remand was appropriate given the two-year delay between the commencement of the action and the notice of removal. *Id.* at *10.

In so holding, this Court declined to follow the district's previous precedent set forth in *Ryan v. Discover Prop. & Cas. Insur. Co.*, No. 3:10-cv-00320-H, 2010 WL 3001517 (W.D. Ky. July 27, 2011) and *Meador v. Indiana Insur. Co.*, No. 1:05-cv-00206, 2006 WL 250475 (W.D. Ky. 2006). *Id.* at *7. Those cases relied on 28 U.S.C. § 1441(c)'s separable-controversy test to find that a new commencement date is created where a plaintiff joins a separate and independent claim against a new defendant after the original filing date.[2] However, this Court, in *Riley*,

---

[2] Section 1441(c), which serves as an analogue to the federal rules governing supplemental jurisdiction, previously provided as follows:

> Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be

explained that "Congress did not contemplate § 1441(c)'s application to cases analogous to the instant matter" and noted that *Meador* and *Ryan* offered no proper legal foundation for doing so. *Id*. at *4, *7.  Thus, this Court determined that removal under the circumstances could only follow an incorrect reading of § 1446 and therefore declined to follow the district's previous precedent set forth in *Meador* and *Ryan*.  *Id*. at *7.

This Court further found that, even if it were to adopt an equitable exception to the one-year rule as urged by the defendant, the facts in *Riley* did not support the doctrine's application.[3] This Court noted that other courts applying such an equitable exception estopped the application of § 1446's one-year limitation where the plaintiffs either fraudulently joined a non-diverse defendant or withheld information on damages to defeat § 1332's monetary threshold.  *Id*. at *9. Distinguishing those cases from the facts in *Riley*, this Court could not say that the plaintiff's tactic in sequencing her claims first against the tortfeasors and then against their insurer was employed specifically to defeat diversity jurisdiction.  *Id*.

Additionally, this Court noted that Kentucky law clearly allows claims of bad faith against an insurer and the underlying negligence claims against an insured to proceed simultaneously.  *Id*.  Thus, the only grievance the insurer could muster centered on how the state court permitted the plaintiff to amend her complaint and join it as a defendant under Kentucky's civil rules.  *Id*. at *10.  Because courts regularly allow bad faith claims against an insurer to be

---

> removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1990) (emphasis added).  Section 1441(c) was amended by the Federal Courts Jurisdiction & Venue Clarification Act.  Pub. L. No. 112-63 (2011).  As amended, this statutory provision no longer contains the "separate and independent" language.  28 U.S.C. § 1441(c) (2011).

[3] In *Riley*, this Court applied the previous version of 28 U.S.C. § 1446(b) because the matter was fully briefed prior to the effective date of the amended version which codified a bad faith exception.

joined to the underlying tortious conduct in the same action, even if bifurcation of the claims is appropriate, and because Kentucky trial court have broad discretion in granting joinder motions, this Court found that the insurer was "not the victim of a procedural ambush" and the state court's uniform application of the state's procedural rules was not inequitable. *Id.*

This Court's decision *Riley* compels a conclusion in this case that, for purposes of § 1446(c), this action was commenced when the original complaint was filed on June 20, 2007. As explained in *Riley*, it is immaterial that the bad faith claim against RSUI is separate and independent from the claims originally asserted against King and Skyline Motel. The Christian Circuit Court, utilizing its broad discretion, permitted Plaintiffs to amend their complaint to join a bad faith action against RSUI to the underlying tortious conduct in the same action. The filing of the Amended Complaint did not constitute the commencement of a new action. Thus, RSUI filed a notice of removal more than a year after June 20, 2007, when this action commenced.

## 2.   Whether the Bad Faith Exception Applies

RSUI contends that this case is distinguishable from *Riley* because Plaintiffs' joinder of King as a co-defendant is patently fraudulent and therefore the bad faith exception applies to defeat the application of § 1446's one-year limitation to this case.

As amended, 28 U.S.C. § 1446(c) provides that a case may not be removed more than one year after commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing an action." The comments to this section expressly discuss the application of the fraudulent joinder doctrine to defeat the one-year rule:

> A plaintiff with the motive of defeating removal, for example, may be able to join as a defendant, in a case in which there is genuine diversity between the plaintiff and the other defendants, someone of nondiverse citizenship whom the plaintiff does not really intend to sue but who is arguably liable on the claim and hence

properly joined under state law. The plaintiff can then just wait a year and drop that party, polishing the action to just the point desired and at the same time dissolving the threat of federal jurisdiction.
…

The defendants with the diverse citizenship, who want to remove, may not be entirely helpless. If they can produce evidence to convince the court that the nondiverse defendant can in no way be liable under the applicable substantive law as applied to the facts as pleaded, they might convince the court to apply the so-called "fraudulent joinder" doctrine. Under that doctrine, the citizenship of a person against whom the plaintiff has no genuine claim--a person whom the plaintiff has joined in what in effect is bad faith--can be ignored.

Comments to 28 U.S.C.A. § 1446.

The doctrine of fraudulent joinder is applicable in three situations:  "(1) when there is no colorable basis for a claim against a non-diverse defendant, (2) when the plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendants)."  *See Salisbury v. Purdue Pharma, L.P.,* 166 F.Supp.2d 546, 548 (E.D.Ky.2001) (citing *Jerome Duncan, Inc. v. Auto-By-Tel, L.L. C.,* 176 F.3d 904 (6th Cir.1999)).  RSUI contends that the joinder of King, a non-diverse defendant, is fraudulent because the Amended Complaint contains no colorable claim against King.

The Amended Complaint asserts a bad faith claim against RSUI, but does not reassert the wrongful death and loss of consortium claims against King or specifically incorporate the original complaint by reference.  RSUI does not, and could not, argue that the wrongful death and loss of consortium claims asserted against King in the original complaint were not colorable claims against King.  Instead, RSUI argues that because the Amended Complaint–which RSUI argues supersedes the original pleading– does not assert any colorable claim against King, his continued presence in this action is somehow fraudulent.  According to RSUI, "King's sole

8

purpose is to serve as a non-diverse defendant to improperly impair RSUI's right of removal." Def. Surreply, DN 13 at p. 4.

RSUI's argument appears to be a novel use of the doctrine of fraudulent joinder. "Typically, defendants cite the doctrine to prevent plaintiffs from destroying federal jurisdiction by joining a non-diverse party after removal." *Cornelia Light & Rick Light v. Guidant Corp.,* CIV A. 3:07-CV-35-H, 2007 WL 2325940 (W.D. Ky. Aug. 14, 2007). Indeed, here, King has been a defendant since the filing of the original complaint. RSUI thus appears to argue that Plaintiffs' refusal to dismiss King is somehow fraudulent. RSUI has not cited any authority finding fraudulent joinder under circumstances similar to the facts in this instant action.

The Court finds that the facts of this case do not support the application of the fraudulent joinder doctrine. King has been a defendant in this action since its inception, four years prior to the date RSUI became a party to this action. Because there has been no notice of dismissal, no stipulation of dismissal, and no court order dismissing the claims against King, King remains a party to this action. *See* Ky. Civ. Rule 41.01. It may be that the Amended Complaint superseded the claims against King in the original complaint and that King cannot be liable under the bad faith claims asserted in the Amended Complaint. However, that would be a basis for King to move for dismissal or a basis for Plaintiffs to move for leave to file a second amended complaint. It is not a basis to conclude that Plaintiffs have acted fraudulently in failing to dismiss King, against whom Plaintiffs have colorable claims, as a defendant to this action.

RSUI additionally contends that Plaintiffs acted in bad faith in failing to assert their bad faith claims against RSUI within one year of the commencement of the action. According to RSUI, Plaintiffs knew the identity of Skyline Motel's insurer and alleged in their Amended Complaint that RSUI should have made a settlement offer to Plaintiffs before the mediation on

9

April 21, 2008.  Thus, RSUI argues that Plaintiffs engaged in "patent forum shopping" by waiting more than four years to make allegations of bad faith against RSUI.  Def. Surreply, DN 13 at p. 8.  This argument is not well-taken.  First, it is well settled that a plaintiff may decide when to proceed against a particular party.[4]  *Cf. Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (plaintiff is the master of the complaint) (citations omitted).  Second, had Plaintiff asserted bad faith claims against RSUI prior to the expiration of the one-year limitation, RSUI still could not have removed the action to this Court because there was not complete diversity at any time.  Even if Plaintiffs dismissed their claims against King, Skyline Motel remained a party until August of 2011 – well after the expiration of the one-year limitation.  Thus, there is no basis for concluding that Plaintiffs' tactic in waiting to assert their bad faith claim against RSUI was employed specifically to defeat diversity jurisdiction.  Accordingly, because of the nearly five-year delay between the commencement of the action and removal, and because there is no basis to find that Plaintiffs acted in bad faith to prevent RSUI from removing the action, remand is appropriate in this action.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' motion to remand (DN 8) is GRANTED.  This matter is hereby remanded to the Christian County Circuit Court.  The clerk of court is directed to strike this matter from the active docket.

An appropriate order shall issue.

---

[4] Additionally, although RSUI offered Plaintiffs $900,000 on April 21, 2008, RSUI did not settle with Plaintiffs until April 12, 2011.  Thus, many of the facts which presumably make up the basis of Plaintiffs' bad faith claim did not occur until after the one-year time limitation had passed.  It is therefore not surprising that Plaintiffs did not assert their bad faith claims before the expiration of § 1446(c)'s one-year time limitation.